FILED
HARRISBURG, PA
FEB 20 2013
MARY E. D'ANDREA, CLERK
Per _____
          Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

IN THE MATTER OF            )
THE EXTRADITION OF          )     Misc. No. 1:13-MJ-14
KEVIN CHIANELLA             )

COMPLAINT FOR ARREST
WITH A VIEW TOWARDS EXTRADITION
(18 U.S.C. § 3184)

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1.	In this matter, I act for and on behalf of Canada;

2.	There is an Extradition Treaty ("Treaty"), as amended by Protocols, in force between the United States and Canada, 27 UST 983, TIAS 8237;

3.	Pursuant to the Treaty, Canada has submitted a formal request through diplomatic channels for the arrest and extradition of Kevin CHIANELLA ("CHIANELLA");

4.	According to information provided by Canada in the form authorized by the Treaty, CHIANELLA, an American citizen, is wanted in Canada to stand trial on the following charges for violation of the Criminal Code of Canada ("CCC"): Mischief over $5,000 (21 counts) in violation of the CCC 430(3); Attempt mischief (3 counts) in violation of the CCC 430(3); Intimidation of Justice System participant (2 counts) in violation of the CCC 423.1(3); Obstructing a peace officer in violation of the CCC 129(a); Assaulting a peace officer with a weapon in violation of the CCC 270.01(2); Assault with a weapon in violation of the CCC 267(a); Assault in violation of the CCC 266; Mischief endangering life (12 counts) in violation of the CCC 430(2); Attempt mischief endangering life (2 counts) in violation of the CCC 430(2); Arson in violation of the CCC 434; Break and enter with intent to commit an indictable offence in violation of the CCC 348(1)(b); Disguise with intent to commit an indictable offence in violation of the CCC 351(2); and Theft (3 counts) in violation of the CCC 334. A warrant for his arrest was issued by the City of Toronto, Province of Ontario on December 6, 2010;

5.	The warrant was issued on the basis of the following facts:

The G-20 Economic Summit was held in the city of Toronto on June 26, 2010, and June 27, 2010. In order to ensure the safety and security of summit delegates, the public, and the police, as well as to facilitate conditions for peaceful protest, an integrated security plan was implemented by the Toronto Police Service. On June 26th, there was substantial vandalism and rioting in the downtown core of Toronto. The officers of the G-20 Investigative Team were detailed to watch hundreds of hours of videotape, and look at thousands of photographs, that were submitted by members of the public and the police in order to ascertain the identity of those individuals responsible for criminal conduct.

From evidence gathered via public submissions of photographs, internet searches for images in the public domain, CCTV footage, and statements taken from civilians in the area, expert image analysts of the G-20 Investigative Team assembled an Image Report. CHIANELLA was identified in an image report at several points over the course of June 26, 2010, conducting riotous acts. These acts, while wearing a disguise, included assaulting a police officer and his car, obstructing police officers,

breaking windows, endangering lives, thefts, and assaulting members of the media while wielding a canvas bag full of rocks.

6.      The offenses with which CHIANELLA is charged are provided for in Article 2 of the Extradition Treaty, as amended by the Protocols, cited above.  Such Article provides that extradition shall be granted for conduct which constitutes an offense punishable by the laws of Canada and the United States by imprisonment for a term exceeding one year.  The crimes listed above are offenses punishable by both the laws of Canada and the United States by imprisonment for a term exceeding one year.

7.      CHIANELLA may be found within the jurisdiction of this court, specifically, at 106 Firelight Lane in Lackawaxen, Pennsylvania, and photographs of CHIANELLA are available.

8.      The State Department Attorney Adviser Alexis Blane has provided the Department of Justice with a declaration authenticating a copy of the diplomatic note by which the request for extradition was made and a copy of the extradition treaty between the United States and Canada, confirming that the documents supporting the request for extradition are properly certified by the principal American diplomatic or consular officer in Canada, in accordance with Title 18, United States Code, Section 3190, so as to enable them to be received in evidence.

        WHEREFORE, your complainant requests that a warrant be issued, pursuant to Title 18, United States Code, Section 3184, for the arrest of CHIANELLA; that CHIANELLA be brought before this Court and the evidence of criminality heard; that if on such hearing, this Court deems the evidence sufficient under the provisions of the treaty to sustain the charges, the Court certify the same to the Secretary of State in order that a warrant may issue for the surrender of said CHIANELLA to Canada, according to the stipulations of the treaty; and for such other actions as this Court is required to take under the provisions of the treaty and the laws of the United States.

_____
ASSISTANT UNITED STATES ATTORNEY

Sworn to before me and subscribed in my presence this 20th day of February 2013, in Harrisburg Pennsylvania.

_____
UNITED STATES MAGISTRATE Judge