UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


IN THE MATTER OF THE      ) Misc. No. 1:13-MJ-14
EXTRADITION OF             )
KEVIN CHIANELLA         )
                             )

FILED
HARRISBURG

FEB 2 8 2013

MARY E. D'ANDREA, CLERK
Per_____
                   Deputy Clerk

## **ORDER**

Kevin Chianella (hereinafter Chianella) was arrested pursuant to a
complaint and warrant issued by U.S. Magistrate Judge Susan Schwab, seeking the
fugitive's extradition to Canada pursuant to an extradition treaty between Canada
and the United States and pursuant to 18 U.S.C. 3184 et seq. The offenses for
which extradition is sought and the basis for extradition found within the
aforementioned Treaty are detailed in the aforementioned complaint filed by the
United States. Magistrate Judge Schwab signed the warrant for arrest for
extradition on February 20, 2013. Chianella is currently in the custody of the
United States Marshals.

The United States, in execution of its treaty responsibilities and acting at the
request of Government of Canada , urged that the fugitive be held without bond
pending the hearing on the certification of the extradition pursuant to 18 U.S.C.

3184 et seq.

The federal statute governing extradition procedures in the United States

pursuant to treaties with other nations, 18 U.S.C. §§ 3184 et seq., does not provide

for bail. Further, an extradition proceeding is not a criminal case. See Kamrin v.

United States, 725 F.2d 1225, 1227-1228 (9th Cir. 1984); Martin v. Warden,

Atlanta Penitentiary, 993 F.2d 824, 829 (11th Cir. 1993). Consequently, the Bail

Reform Act, Title 18 U.S.C. §§ 3141 et seq., and its criteria governing the

allowance and the amount of bail in United States criminal cases do not apply in

extradition matters. The Bail Reform Act applies only to "offenses" against the

United States that are triable in United States courts. See 18 U.S.C. §§ 3141(a),

3142, 3156(a)(2). Chianella is not charged with an "offense" within the meaning

of 18 U.S.C. § 3156. Instead, Chianella is charged with offenses against the

Requesting State, Canada. See Matter of Extradition of Rouvier, 839 F. Supp.

537, 539 (N.D. Ill. 1993); Matter of Extradition of Sutton, 898 F. Supp. 691, 694

(E.D. Mo. 1995).

Similarly, neither the Federal Rules of Criminal Procedure nor the Federal

Rules of Evidence apply to international extradition proceedings. Fed R. Crim. P.

1(a)(5)(A); Fed. R. Evid. 1101 (d)(3); See also, Afanesjev v. Hurlburt, 418 F.3d

1159, 1164-65 (11th Cir. 2005); Melia v. United States, 667 F.2d 300, 302 (2d Cir.

2

1981); <u>Bovio v. United States</u>, 989 F.2d 255, 259 n.3 (7th Cir. 1993).

The overwhelming weight of authority supports the strong presumption

against the granting of bail in international extradition cases. Both the United

States Supreme Court and the federal courts of appeals have long held that bail

should be granted in only the most unusual of circumstances. In the landmark case

<u>Wright v. Henkel</u>, 190 U.S. 40 (1903), the Supreme Court affirmed the detention

without bail of a fugitive sought by Great Britain for defrauding a corporation of

which he was a director. The United States argued in <u>Wright</u> that extradition

courts were without power to allow bail because no statute provided for such

power. <u>Id</u>. at 55. The Court stated that it was unwilling to hold that the circuit

courts do not possess power with respect to admitting fugitives to bail other than

as specifically vested by statute, but cautioned that " . . . bail should not ordinarily

be granted in cases of foreign extradition . . . ." <u>Id.</u> at 63.

In establishing this presumption against bail, the Supreme Court in <u>Wright</u>

explained that when a foreign government makes a proper request under a valid

extradition treaty, the United States is obligated to deliver the person sought after

he or she is apprehended:

> The demanding government, when it has done all that the treaty and the law
> require it to do, is entitled to the delivery of the accused on the issue of the
> proper warrant, and the other government is under obligation to make the

3

surrender; an obligation which it might be impossible to fulfill if release on bail were permitted.  The enforcement of the bond, if forfeited, would hardly meet the international demand; and the regaining of the custody of the accused obviously would be surrounded with serious embarrassment.

Id. at 62.

The reasons for this presumption against bail in international extradition cases are clear and compelling.  First, it is necessary for the United States to meet its legal treaty obligations.  A person sought for extradition already is an international fugitive from justice; it is reasonable to think that person would flee if alerted to the charges.  Even if the person were not in flight, the fact of an impending extradition to a foreign country to face serious criminal charges, the outcome of which is uncertain, is itself a strong incentive to flee.

Further, the ability of the United States to deliver fugitives pursuant to extradition requests has significant international law implications.  The international legal system depends wholly upon the respect of its members for the obligations into which they freely enter.  When, as here, the Government of Canada meets the conditions of the treaty, the United States is obliged to deliver the fugitive.  It is important that the United States be regarded in the international community as a country that honors its agreements in order to be in a position to demand that other nations meet their reciprocal obligations to the United States.

4

Such reciprocity would be defeated if a fugitive flees after being released on bond. See Wright, 190 U.S. at 62; see also U.S. v. Leitner, 784 F.2d 159, 160-61 (2d Cir. 1986)(the Government has an overriding foreign relations interest in complying with treaty obligations and producing extradited persons).

In light of the strong presumption against bail established in Wright, the federal courts have uniformly held that bail shall not be granted except under "special circumstances." See United States v. Leitner, 784 F.2d at 160 (bail in extradition cases should be granted "only in the most pressing circumstances, and when the requirements of justice are absolutely peremptory"), (quoting In re Mitchell, 171 F. 289 (S.D.N.Y. 1909)(Hand, J.); Salerno v. United States, 878 F.2d 317, 318 (9th Cir. 1989)("only 'special circumstances' will justify bail"); Koskotas v. Roche, 931 F.2d 169, 175 (1st Cir. 1991)("in a case involving foreign extradition, bail should not be granted absent special circumstances"). Moreover, the burden is on the fugitive to establish the existence of special circumstances warranting the granting of bail. See Salerno, 878 F.2d at 317-18; Leitner, 784 F.2d at 160.

Notably, the courts have determined that certain circumstances are not "special" and do not justify the release of a fugitive during extradition proceedings. Foremost, the absence of flight risk is consistently held not to

5

constitute a special circumstance. Rather, the absence of a risk of flight and a finding of special circumstances are each independent requirements for bail in an extradition case. Therefore, to qualify for bail, a fugitive is required to make a two-part showing that: (1) he or she is not a flight risk and (2) that "special circumstances" exist warranting the granting of bail. See e.g., United States v. Ramnath, 533 F. Supp. 2d 662, 665 (E.D. Tex. 2008); In re Extradition of Molnar, 182 F. Supp. 2d 682, 687 (N.D. Ill. 2002); In re Extradition of Nacif-Borge, 829 F.Supp. 1210, 1215 (D. Nev. 1993); In re Extradition of Chapman, 459 F.Supp.2d 1024, 1026-27 (D. Haw. 2006); In re Extradition of Santos, 473 F. Supp. 2d 1030, 1035-36 (C.D. Cal. 2006). The absence of flight risk is consistently held to be a Similarly, findings regarding danger to a community both here and abroad would preclude bail, even in the face of arguably special circumstances. See In re Extradition of Gonzalez, 52 F.Supp.2d 725, 735 (W.D. La. 1999); Ramnath, 533 F. Supp. 2d at 665; Extradition of Molnar, 182 F. Supp. 2d at 687; Extradition of Nacif-Borge, 829 F.Supp. at 1215; Extradition of Santos, 473 F. Supp. 2d at 1035-36.

Chianella is charged with committing crimes of violence, including riotous acts, assaulting a police officer, assaulting other individuals with a bag of rocks, and endangering lives. Chianella poses a danger to the community.

6

Assuming Chianella is not a risk of flight and poses no danger to the community, Chianella must make an affirmative showing of special circumstances. Courts have declined to find "special circumstances" based on: (1) the need to consult with one's attorney and/or participate in pending litigation; (2) the complexity of the pending litigation; (3) health issues including discomfort, dietary needs, or associated health concerns while incarcerated; (4) United States citizenship or pendency of naturalization proceedings; (5) political or professional status; (6) the availability of electronic monitoring; and (7) the fugitive's character, past conduct, and/or ties to the community; (8) ordinary delay or delay occasioned by the fugitive in the course of extradition proceedings; (9) substantial likelihood of success against extradition or action in requesting country; and, (10) availability of bail for the same offense in the requesting country.

While in certain exceptional cases some of the above may have been deemed a special circumstance, for the most part, where a court determines special circumstances to exist it is generally based on a confluence of factors, as opposed to any single consideration. Such findings are very case specific and within the discretion of the court, mindful of the strong presumption against bail and future reciprocity of other countries at stake.

For all of these reasons the court finds that Chianella is a flight risk and

poses a danger to the community, and that he has not demonstrated that "special circumstances" exist which would justify bond in his case. Finally, Chianella's release on bail would have negative implications for U.S. foreign policy in cases where the United States seeks extradition of fugitives from Canada.

Chianella's request to be released on bail pending the outcome of the extradition proceedings is hereby **DENIED**.

BY THE COURT:

MARTIN C. CARLSON
CHIEF UNITED STATES MAGISTRATE JUDGE